NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NEONA MODOC,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.   19-35383

D.C. No. 3:18-cv-05468-BAT

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Argued and Submitted April 16, 2021
Seattle, Washington

Before:   HAWKINS and McKEOWN, Circuit Judges, and PREGERSON,**
District Judge.

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Dean D. Pregerson, United States District Judge for the
Central District of California, sitting by designation.

Neona Modoc ("Modoc") appeals the district court's decision affirming the Commissioner of Social Security's denial of her application for Social Security disability. "The Social Security Administration's disability determination should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). We affirm the district court.

Modoc argues that the administrative law judge ("ALJ") erred in evaluating several medical opinions. However, the ALJ carefully reviewed the conflicting medical evidence and gave specific, legitimate reasons to discount portions of the opinions of Dr. Saltzberg, Dr. May, and Dr. Leinenbach, and germane reasons to discount portions of nurse practitioner Browning's opinion. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ agreed that Modoc suffered from several severe impairments and rejected both opinions that contained more restrictive limitations than were supported by the evidence and those that were insufficiently restrictive given her legitimate physical and emotional limitations. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Substantial evidence also supports the ALJ's rejection of portions of Modoc's testimony. The ALJ proffered clear and convincing reasons for discounting the severity of her symptoms, including that the alleged severity was contradicted by the medical record, and that Modoc often failed to report this severity to her physicians, instead reporting an ability to participate in everyday activities that were inconsistent with the severity of symptoms she described at the hearing. *See Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Finally, Modoc argues that the ALJ erred in evaluating the lay testimony. The ALJ offered germane reasons for discounting the report filed by Modoc's mother. *Molina*, 674 F.3d at 1117 ("the ALJ's well-supported reasons for rejecting claimant's testimony apply equally well to the lay witness testimony"). The ALJ failed to specifically address observations of Modoc's limitations made by social worker Johnson, but any such error was harmless, as these observations did not contradict the ALJ's finding that Modoc was limited to the least physically demanding sedentary work with some additional postural and social limitations. *Id.* at 1115 (harmless error principles apply in social security cases).

**AFFIRMED.**